FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 13 2015 ★
LONG ISLAND OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
NICHOLAS ZIROGIANNIS,
individually and on behalf of a class,

    Plaintiff,

v.

SETERUS, INC.,

    Defendant.
-----------------------------------------------------------------x

CV-15 5884

FEUERSTEIN, J

LINDSAY, M

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Nicholas Zirogiannis brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Seterus, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications and activities impacted plaintiff within this District;

    b. Defendant does business within this District.

### PARTIES

4. Plaintiff, Nicholas Zirogiannis, resides in a single-family home which he owns in Melville, New York.

5. Defendant Seterus, Inc., is a Delaware corporation with offices at 14523 SW Millikan Way, Suite 200, Beaverton, OR 97005. It does business in New York. Its registered agent and office is CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

1

6. Seterus is engaged in the business of servicing residential mortgage loans. It claims (https://www.seterus.com/) to be "one of the nation's leading specialty loan servicing companies". It services more than 1 million such mortgage loans.

7. Many of the loans with respect to which Seterus acquires servicing are allegedly delinquent or in default at the time Seterus begins servicing. Plaintiff's loan was one such loan.

8. Seterus uses the mails and telephone system in collection with its business.

9. Seterus is a debt collector as defined in the FDCPA.

## FACTS

10. On or about May 14, 2015, Seterus, Inc., sent plaintiff the letter attached as Exhibit A.

11. Exhibit A seeks to collect a debt which was incurred for personal, family, or household purposes (housing), and not for business purposes.

12. Exhibit A is a form document.

13. Exhibit A is the initial letter which Seterus, Inc., sent to plaintiff concerning the loan described therein.

14. Exhibit A is a standard form document that is regularly used by Seterus, Inc., as the "notice of debt" required by 15 U.S.C. §1692g.

## COUNT I – FDCPA – CLASS CLAIM

15. Plaintiff incorporates paragraphs 1-14.

16. Exhibit A states that the amount stated is not the full amount of the debt, which "might include additional third-party costs that have not yet been paid by your prior servicer . . ."

17. Exhibit A does not state the amount of the debt as required by 15 U.S.C. §1692g. *Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000).

18. Section 1692g provides:

> **§ 1692g. Validation of debts**
>
> **(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt**

collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

>   (1) the amount of the debt;
>
>   (2) the name of the creditor to whom the debt is owed;
>
>   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-

**Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

## CLASS ALLEGATIONS

19. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this action on behalf of a class.

20. The class consists of (a) all natural persons with New York addresses (b) who were sent a letter in the form represented by Exhibit A (c) sent to the same address as the property address shown in defendant's records (d) which letter was sent on or after a date one year prior to the filing of this action, and (e) on or before a date 21 days after the filing of this action.

21. The class members are so numerous that joinder is impracticable. On information and belief, based on the use of a form document and the size of defendant's business, there are more than 40 members of the class.

22. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

23. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

24. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

25. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and

the class members and against defendant for:

     a.     A declaration that Exhibit A violates the FDCPA;

     b.     Statutory damages;

     c.     Attorney's fees, litigation expenses and costs of suit;

     d.     Such other or further relief as the Court deems proper.

*/s/ Abraham Kleinman*

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

*[signature]*
Abraham Kleinman

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things taht relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

Abraham Kleinman

REDACTED

**EXHIBIT A**

# seterus

PO Box 2008, Grand Rapids, MI 49501-2008

**Business Hours (Pacific Time)**
Monday-Thursday 5 a.m. to 8 p.m.
Friday 5 a.m. to 6 p.m.

**Physical Address**
4523 SW Millikan Way, Suite 200, Beaverton, OR 97005

**Payments**
PO Box 54420, Los Angeles, CA 90054-0420

**Correspondence**
PO Box 2008, Grand Rapids, MI 49501-2008

Phone: 866 570 5277
Fax: 866 578 5277
www.seterus.com

ZIROGIANNIS, NICHOLAS
11 QUINTREE LN
MELVILLE, NY 11747

May 14, 2015
Loan number:    8888
Serviced by Seterus, Inc.

Dear ZIROGIANNIS, NICHOLAS:

As the servicer and debt collector of loan number       8888, we will be working with you on behalf of your creditor, Fannie Mae, going forward.

Below is the amount of your debt as of the date of this notice, according to our records and information received from your prior servicer. It is not a payoff statement. A payoff amount might include additional third-party costs that have not yet been paid by your prior servicer and future costs that may be necessary. A payoff quote is available at www.seterus.com or through our automated phone system (866.570.5277).

## SUMMARY OF TOTAL DEBT COMPOSITION

| Loan Balance, Interest, and Escrow: | | Funds Held: | |
|---|---|---|---|
| Current Principal Balance: | $270,933.74 | Less Suspense Balance: | $ .00 |
| Unpaid Interest: | $94,441.31 | Less Buy-Down Funds: | $ .00 |
| Escrow Overdraft: | $55,552.30 | Less Pending Expense Credit: | $ .00 |
| Interest Arrearage: | $ .00 | | |
| Escrow Arrearage: | $ .00 | | |

| Advances on Borrower's Behalf: | | Servicer Charges: | |
|---|---|---|---|
| Association Dues: | $ .00 | Late Charges: | $37.48 |
| Bankruptcy: | $ .00 | Returned Check Charges: | $ .00 |
| Foreclosure: | $2,622.64 | Other Charges: | $ .00 |
| Legal/Attorney: | $ .00 | | |
| Property Inspections: | $661.50 | | |
| Property Preservation: | $ .00 | | |
| Short Payments: | $ .00 | | |
| Taxes and Insurance: | $ .00 | | |
| Title: | $ .00 | | |
| Valuations: | $90.00 | | |
| Other: | $ .00 | | |

**Total Amount of Your Debt: $424,338.97**

REDACTED

ZIROGIANNIS, NICHOLAS
May 14, 2015
Loan number.    8888

The Federal Fair Debt Collection Practices Act says that if you do not notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, then the debt will be assumed to be valid by the debt collector. If you notify us in writing within 30 days that the debt or any portion thereof is disputed, or if you request the name and address of the original creditor, we will obtain verification of the debt or judgment against you, mail a copy to you, and provide you with the name and address of the original creditor.

The law does not require us to wait until the end of the 30-day period before attempting to collect this debt. If, however, you request in writing proof of the debt or the name and address of the original creditor within the 30-day period that begins with your receipt of this letter, the law requires us to suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you. In addition, we will suspend our efforts (other than sending you reminder notices) until the expiration of your grace period for the current payment due, if all other payments have been made on your loan.

For borrowers having difficulty making payments, we have loan specialists available at 866.570.5277 from Monday-Thursday 5 a.m. to 9 p.m., Friday 5 a.m. to 6 p.m., and Saturday 9 a.m. to 12 p.m. (Pacific time). Saturday hours may vary.

Sincerely,


Seterus, Inc.