IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

```
---------------------------------------------------------x
NICHOLAS ZIROGIANNIS,                            :
individually and on behalf of a class,           :
                                                 :
            Plaintiff,                           :   2:15-cv-05884-SJF-ARL
                                                 :
   v.                                            :
                                                 :
SETERUS, INC.,                                   :
                                                 :
            Defendant.                           :
---------------------------------------------------------x
```

## AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Nicholas Zirogiannis brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Seterus, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications and activities impacted plaintiff within this District;

   b. Defendant does business within this District.

### PARTIES

4. Plaintiff, Nicholas Zirogiannis, resides in a single-family home which he owns in Melville, New York.

5. Defendant Seterus, Inc., is a Delaware corporation with offices at 14523 SW Millikan Way, Suite 200, Beaverton, OR 97005. It does business in New York. Its registered agent and office is CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

6. Seterus is engaged in the business of servicing residential mortgage loans. It claims (https://www.seterus.com/) to be "one of the nation's leading specialty loan servicing companies". It services more than 1 million such mortgage loans.

7. Most or all loans serviced by Seterus are owned by third parties.

8. Many of the loans with respect to which Seterus acquires servicing are allegedly delinquent or in default at the time Seterus begins servicing.

9. Seterus regularly services loans that are delinquent or claimed by Seterus to be delinquent when Seterus first becomes involved with them.

10. Plaintiff's loan was one such loan.

11. Seterus uses the mails and telephone system in collection with its business.

12. Seterus is a debt collector as defined in the FDCPA.

13. Seterus states on its web site (https://www.seterus.com/Home/AboutYourRights) that "we sometimes act as a debt collector." It does so with sufficient frequency that it has a section on its web site entitled "Your Rights Under the Fair Debt Collection Practices Act" (https://www.seterus.com/Home/AboutYourRights).

## FACTS

14. On or about May 14, 2015, Seterus, Inc., sent plaintiff the letter attached as Exhibit A.

15. Exhibit A seeks to collect a debt which was incurred for personal, family, or household purposes (housing), and not for business purposes.

16. Exhibit A is a form document.

17. Exhibit A is the initial letter which Seterus, Inc., sent to plaintiff concerning the loan described therein.

18. Exhibit A is a standard form document that is regularly used by Seterus, Inc., as the "notice of debt" required by 15 U.S.C. §1692g.

19. According to Exhibit A, plaintiff's loan was owned by Fannie Mae (Federal

National Mortgage Association), and not Seterus.

20. Seterus regularly services loans owned by Fannie Mae and other "investors." In many cases, Seterus first becomes involved with the loans at a time that they are delinquent or claimed by Seterus to be delinquent.

## COUNT I – FDCPA – CLASS CLAIM

21. Plaintiff incorporates paragraphs 1-20.

22. Exhibit A provides a number for the debt, but further states that the debt "might include additional third-party costs that have not yet been paid by your prior servicer . . ." Such additional costs are not "future costs that may be necessary," separately referred to, but amounts already incurred and claimed to be owed by the consumer. However, they are not specified in the letter.

23. Exhibit A therefore does not state the amount of the debt as required by 15 U.S.C. §1692g.  *Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000) (statement of "unpaid principal balance" of a loan with caveat that "this amount does not inlcude accrued but unpaid interest, unpaid late charges, escrow advances or other charges for preservation and protection of the lender's interest in the property" does not comply); *Rozier v. Financial Recovery Systems, Inc.,* 10cv3273, 2011 WL 2295116  (E.D.N.Y., June 7, 2011), reconsideration denied, 2011 WL 2669617 (E.D.N.Y., July 7, 2011) (statement of balance due with caveat that "interest, late charges, and other charges may or may not be applicable to this account" does not comply); *Kolganov v. Phillips & Cohen Associates, Ltd.*, cv-02-3710, 2004 WL 958028 (E.D.N.Y., April 8, 2004) (statement of amount with qualification that "You are hereby notified that the above balance does not include the most recent charges assessed, any applicable over the limit fees, or your most recent daily interest charges" does not comply).

24. Seterus is legally obligated to furnish a payoff statement within 7 business days of a request by the borrower. When asked for a payoff quote, Seterus provides one that "itemizes the total amount to repay your loan in full." (https://www.seterus.com/Borrowers/Payoff)

Accordingly, it could readily furnish a complete statement of the debt.

    25.    Section 1692g provides:

> **§ 1692g.  Validation of debts**
>
> **(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
>> **(1) the amount of the debt;**
>>
>> **(2) the name of the creditor to whom the debt is owed;**
>>
>> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
>>
>> **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
>>
>> **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**
>
> **(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**
>
> **(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

> **(d) Legal pleadings.** A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).
>
> **(e) Notice provisions.** The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1 et seq.*], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801 et seq.*], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

26. Plaintiff was thereby deprived of the information required to be provided by statute and may sue for statutory damages. *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998); *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir.1997).

## CLASS ALLEGATIONS

27. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this action on behalf of a class.

28. The class consists of (a) all natural persons with New York addresses (b) who were sent a letter in the form represented by Exhibit A (c) sent to the same address as the property address shown in defendant's records (d) which letter was sent on or after October 13, 2014 (one year prior to the filing of this action, and (e) on or before November 3, 2015 (21 days after the filing of this action).

29. The class members are so numerous that joinder is impracticable. On information and belief, based on the use of a form document and the size of defendant's business, there are more than 40 members of the class.

30. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

31. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

32. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

33. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

    a. A declaration that <u>Exhibit A</u> violates the FDCPA;

    b. Statutory damages;

    c. Attorney's fees, litigation expenses and costs of suit;

    d. Such other or further relief as the Court deems proper.

<u>s/Tiffany N. Hardy</u><br>
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                                                s/Tiffany N. Hardy
                                                Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

## **DOCUMENT PRESERVATION DEMAND**

   Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                     <u>s/Tiffany N. Hardy</u>
                     Tiffany N. Hardy